# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. SINGER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1598 |
| DAVID HECKLER, Chairman of the Pennsylvania Child Protection Task Force, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

### I. Introduction

Plaintiff James M. Singer ("plaintiff"), a former practicing psychologist, filed this civil action against David Heckler ("Heckler"), Chairman of the Pennsylvania Child Protection Task Force ("Task Force"), and the Task Force's other unidentified "members" (collectively, "defendants") under 42 U.S.C. §1983 to redress the alleged violation of his constitutional rights. In 1989, the Pennsylvania Bureau of Professional and Occupational Affairs, State Board of Psychology (the "Board") instituted formal disciplinary proceedings against plaintiff which culminated in an indefinite suspension of his license. *See generally Singer v. Bd. of Prof'l and Occupational Affairs, State Bd. of Psychology*, 633 A.2d 246 (Pa. Commw. Ct. 1993) (discussing disciplinary proceedings and license suspension). Plaintiff has steadfastly maintained that these proceedings were initiated in retaliation for reports he made about suspected child abuse. In his quest to redress this grievance, plaintiff has filed a number of lawsuits against various parties whom he believes were part of an orchestrated campaign to retaliate against him and others like

1

him who are subject to mandatory child abuse reporting requirements. *See Singer v. Bureau of Prof'l and Occupational Affairs*, No. 3:CV–13–3059, 2014 WL 2048159, at *4-7 (M.D. Pa. May 16, 2014) (Report and Recommendation discussing the history of plaintiff's various civil actions).

In the instant lawsuit, plaintiff directed his claims against Heckler and the other members of the Task Force, alleging that these defendants violated his rights to due process of law, free speech, and equal protection of the law. This court previously observed that:

> [T]he Task Force was established in December 2011 by virtue of identical resolutions introduced in both chambers of the Pennsylvania General Assembly. *See* S.R. 250, 195th Gen. Assemb., Reg. Sess. (Pa. 2011) (hereafter, "S.R. 250"); H.R. 522, 195th Gen. Assemb., Reg. Sess. (Pa. 2011) (hereafter, "H.R. 522"). Pursuant to these resolutions, the Task Force was charged with "conduct[ing] a thorough and comprehensive review" in order to "ascertain any inadequacies relating to the mandatory reporting of child abuse" and thereby "restore public confidence in the ability of the Commonwealth to protect the victims of child abuse." S.R. 250 at 1; H.R. 522 at 1. To achieve these goals, the Task Force was specifically empowered:
>
> > (1) [t]o examine and analyze the practices, processes and procedures relating to the response to child abuse[;]
> >
> > (2) [t]o review and analyze law, procedures, practices and rules relating to the reporting of child abuse[;]
> >
> > (3) [t]o hold public hearings for the taking of testimony and the requesting of documents[;] [and]
> >
> > (4) ...to administer oaths and affirmations to witnesses appearing before the [T]ask [F]orce.
>
> *Id*. As part of its official duties, the Task Force was charged with submitting a final report to the governor and the legislature that would include recommendations designed to improve the reporting of child abuse, to implement any necessary changes in related statutes and practices, policies and procedures of the Commonwealth, and train appropriate individuals in the reporting of child abuse. S.R. 250 at 4; H.R. 522 at 4. In November 2012, the Task Force submitted its final report, which included a number of policy and statutory recommendations along those lines. (See Report of the Task Force on Child Protection, available at: http://www.child protection.state.pa.us/Resources/press/2012–11–27Child Protection Report FINAL.pdf, at 1–6, 21–28, 29–44.) By the terms of the General

Assembly's resolutions, the Task Force expired on December 31, 2012. *See* S.R. 250 at 5; H.R. 522 at 5.

*Singer v. Heckler*, No. CV 14-1598, 2015 WL 8992438, at *2 (W.D. Pa. Dec. 16, 2015).

In his amended complaint (ECF No. 7), plaintiff asserted that the Task Force acted contrary to its legislative mandate and failed to redress the "criminal violations of official oppression, alteration and/or fabrication of written evidence and perjury by the government" that allegedly occurred in connection with the Board's disciplinary proceedings. (Amended Compl. ¶¶ 4 and 50.) The defendants filed a motion to dismiss the complaint on statute-of-limitations grounds (ECF No. 12) and, thereafter, plaintiff filed a "Motion for Summary Judgment [and] Request for Clarification, Continuance, and Appointment of Counsel" (ECF No. 16).

After considering these motions, this court entered a memorandum opinion (ECF No. 19) and order (ECF No. 20) denying the defendants' motion as moot and dismissing the complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). In dismissing the complaint, the court noted that plaintiff's §1983 claims failed to allege any plausible violation by the defendants of plaintiff's federal constitutional rights. *See Singer*, 2015 WL 8992438, at *6-7 (discussing the pleading deficiencies in plaintiff's complaint). The court explained:

> It is clear from S.R. 250 and H.R. 522 that the Pennsylvania General Assembly created the Task Force simply to conduct a study of the Commonwealth's laws and policies pertaining to the protection of children and to make recommendations about changes that could improve the effectiveness of those laws and policies. To the extent plaintiff is complaining that the Task Force should have somehow effectuated the reinstatement of his license, his claims are baseless because the Task Force, during its limited existence, had no power or authority over the Board with respect to such matters and could not have required the Board to reinstate plaintiff's license. In theory, the most that the Task Force could have done for plaintiff is reference his case as a basis for recommending changes in the laws and policies pertaining to the reporting of suspected child abuse. Plaintiff, however, had no constitutionally protected interest in this respect, and the Task Force had no specific responsibilities or duties with respect to plaintiff. Plaintiff's personal dissatisfaction with the defendants' efforts and

3

recommendations simply does not translate into a violation of his constitutional rights. Accordingly, plaintiff did not state a viable claim under § 1983.

*Id.* at *7.

Because the court determined that the deficiencies in plaintiff's pleading could not be cured through further amendment, it dismissed the complaint with prejudice. *Singer v. Heckler*, 2015 WL 8992438, at *7. The court also denied plaintiff's motion for summary judgment and requests for clarification, continuance, and appointment of counsel after finding no basis for such relief. *Id*.

Presently pending before the court are plaintiff's Motion for Reconsideration (ECF No. 21), Motion to Reopen Plaintiff's Case and Add Defendants (ECF No. 29), and related filings (ECF Nos. 27, 28, 30, 31, 32, and 33). For the reasons that follow, plaintiffs' motions will be denied.

**II. Standard of Review**

A motion to reconsider should granted only if the movant demonstrates: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); *Allah v. Ricci*, 532 F. App'x 48, 51 (3d Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. *Rottmund v. Cont'l Assurance Co*., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked

4

arguments that were previously made. *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).

A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998); *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. *Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008); *Spence v. City of Phila.*, 147 F. App'x 289, 291–92 (3d Cir. 2005); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.1995); *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir.1987); *Miller v. Court of Common Pleas of Erie Cnty.*, No. 12–206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014).

Federal Rule of Civil Procedure 60(b) addresses the grounds that are available for relief from a final judgment, order or proceeding. The rule provides that,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;

> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A litigant moving under Rule 60(b)(6) must show 'extraordinary circumstances' to justify reopening a final judgment." *Elliott v. Grace*, No. 15-2984, 2016 WL 211569, at *1 (3d Cir. Jan. 19, 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

**III**. **Discussion**

In his motion for reconsideration, plaintiff reiterates his general complaint that "Heckler and the Task Force... did little or nothing to protect [himself] or other mandated reporters (and other victims)." (Mot. for Recons. ¶14.) He insists that "[t]hese issues are not merely about the harm done to [himself]"; rather, he insists they are "about an ongoing pattern of retaliation and fraudulent concealment by government, to cover up child abuse and other serious crimes." (*Id*. ¶4.) He complains that "no one in any branch of government[ ] has conducted a full objective investigation of violations" (*id*.), and therefore, "the problem of retaliation against mandated reporters has never been satisfactorily addressed." (*Id*. ¶6.) As a result, he believes that "[t]he courts and government are sending a tragic message that abuses will be protected, but mandated reporters[ ] and victims will not be protected[.]" (*Id*. ¶10.) To redress this perceived injustice, plaintiff "requests extraordinary relief" pursuant to Rule 60, 28 U.S.C. §1655, and 71 Pa. Stat. §732-205. (*Id.* ¶2.) He also appears to be asking for a writ of *coram nobis* to "nullify and overturn egregious rulings and decisions." (*Id.* ¶3.)

Plaintiff repeats many of these same themes in his "Motion to Reopen Plaintiff's Case and Add Defendants." Therein, plaintiff alleges that the "PA Department of State used its influence to block interest ... in an investigation." (Mot. to Reopen ¶2.) He posits that the

Commonwealth's various licensing boards are manipulated and controlled by their general counsels and by the Commissioner of the Bureau of Professional and Occupational Affairs. (*Id.* ¶¶ 4-5.) He alludes to "ongoing violations by the Pennsylvania Office of the Attorneys' General." (*Id.* ¶8.) He implores the court to ensure the appointment of an independent prosecutor who will investigate and expose various criminal violations allegedly "related to the ongoing scandal with the office of the Pennsylvania State Atty. Gen., ... the Philadelphia District Attorney's Office, Hon. Justices Eakin, McCaffery and [the] Judicial Conduct Board," and the "[o]bvious *fraudulent concealment* and *RICO violations* by law enforcement, including the PA OG and State Police." (*Id.* ¶13 (emphasis in the original).)

Plaintiffs' motions and supporting briefs fail to establish any grounds that would justify reconsideration of the court's prior order. As noted above, motions for reconsideration are granted only sparingly and in limited situations—i.e., where there has been an intervening change in the law governing the dispute, where new evidence has been discovered that could not previously have been presented by the parties, or where reconsideration is necessary in order to correct a clear error of law or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Allah,* 532 F. App'x at 51; *Max's Seafood Café,* 176 F.3d at 677. Here, there has been no intervening change in the controlling law as would make reconsideration appropriate. Moreover, plaintiff did not present any new, relevant allegations of fact that could plausibly establish a basis for his §1983 claims. He did not point to any aspect of the court's prior analysis that would suggest the court committed a clear error of law or otherwise ruled in a manifestly unjust manner. To the extent plaintiff requested relief in the form of a writ of *coram nobis,* the court notes that such relief is precluded by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(e) (abolishing writs of *coram nobis*). To the extent plaintiff requested "extraordinary relief" under 28 U.S.C. §1655, his

7

request was misplaced, as §1655 applies only in situations where a federal court enters an order relative to the enforcement of a lien that effects an absent defendant. *See* Fed. R. Civ. P. 60(d)(2) (recognizing a district court's power to grant relief under 28 U.S.C. §1655 "to a defendant who was not personally notified of the action"). To the extent plaintiff attempted to invoke 71 Pa. Stat. §732-205,[1] he did not state a basis for relief under Rule 60, as this court lacks subject-matter jurisdiction to enforce the provisions of that statute.

Plaintiff also failed to demonstrate any basis for relief under Rule 60(b). He did not make any factual allegations of mistake, inadvertence, surprise, or excusable neglect as might justify a reopening of this case. *See* Fed. R. Civ. P. 60(b)(1). As noted, he did not allege the discovery of any new, relevant evidence that was previously unavailable to him. *See* Fed. R. Civ. P. 60(b)(2). He did not demonstrate that the court's dismissal order was void *ab initio* pursuant to Rule 60(b)(4), nor is this a case where, pursuant to Rule 60(b)(5), a prior judgment was satisfied, released, discharged, reversed, or vacated. To the extent plaintiff sought relief under the "catch-all" provision of Rule 60(b)(6), he did not make the requisite showing of "extraordinary circumstances" as would justify relief under that provision. *See Elliott,* 2016 WL 211569, at *1. Finally, plaintiff did not demonstrate any basis for relief under Rule 60(b)(3). Although he alleged "ongoing violations by the Pennsylvania Office of the Attorneys General Preate, Corbett, Kelly and Kane" (Mot. to Reopen ¶8), there is no basis for finding that the court's prior order of dismissal was obtained through fraud or any other type of misconduct on the part of the Attorney General's office in its defense of this case. This court's prior order was grounded on the conclusion that plaintiff's own averments failed to demonstrate a plausible

---

[1] Section 732-205 enumerates the prosecutory powers of the Pennsylvania Attorney General relative to various types of criminal matters. Under subsection (a)(1), the Attorney General is empowered to prosecute "[c]riminal charges against State officials or employees affecting the performance of their public duties ... and criminal charges against persons attempting to influence such State officials or employees or benefit from such influence or attempt to influence." 71 Pa. Stat. § 732-205(a)(1).

§1983 claim against the named defendants, given the defendants' limited legislative mandate and powers. As master of his own pleading, plaintiff chose his defendants and the legal theory he wished to pursue. At this procedural juncture, there is no basis for allowing him to reopen the case, add new defendants, and broaden the scope of his claims.

It is axiomatic that federal district courts are empowered only to decide actual cases and controversies that involve subject matter falling within the scope of their limited jurisdiction. *See* U.S. Const. art. III, §2; 28 U.S.C. §§1330-1369. To the extent plaintiff desires the initiation of a criminal investigation into the conduct of defendants or other public officials or the criminal prosecution of such officials, his request implicates an executive function not within the parameters of this court's limited subject-matter jurisdiction. Alternatively, to the extent plaintiff seeks to effectuate changes in the laws of this Commonwealth relative to the protection of children and those who report suspected abuse, his request implicates the concerns and responsibilities of the legislative branch. In either case, this court lacks the power and jurisdiction to provide the relief requested. Although the court fully appreciates plaintiff's concerns about the safety of abused children and the need to foster policies which ensure prompt and accurate reporting of suspected abuse, this lawsuit is not the proper mechanism for obtaining the redress plaintiff seeks.

## IV. Conclusion

Based upon the foregoing discussion, the plaintiff's motion for reconsideration (ECF No. 21) and motion to reopen the case (ECF No. 29) will be denied. An appropriate order follows.

Dated: February 2, 2016
*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge